## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., | Civil Action No. |
| Plaintiff, | 2:13-CV-07835-SDW-SCM |
| v. | |
| F & R GROUP INVESTMENT, LLC; and FARAZ FAIZ, | **ON PLAINTIFF'S MOTION TO STRIKE ANSWER AND ENTER DEFAULT [D.E. 38]** |
| Defendants. | |

### REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

Before the Court is Plaintiff, Super 8 Worldwide Inc.'s ("Super 8") Motion to Strike the Answer of Defendant Faraz Faiz ("Mr. Faiz"), and to enter default against Mr. Faiz.[1]  Mr. Faiz did not oppose the motion.  The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for report and recommendation.  For the reasons set forth below, it is respectfully recommended that Super 8's motion be **GRANTED**.

---

[1] (ECF Docket Entry No. ("D.E.") 38).

I.    <u>BACKGROUND</u>

In this action, Super 8 alleges that F & R Group Investment, LLC ("F&R Investments") and Mr. Faiz breached a franchise agreement and personal guaranty.[2]  On August 18, 2015, defendants jointly filed their Answer.[3]  An initial conference was held on November 15, 2015 setting forth various discovery deadlines.[4]  By letter dated November 13, 2015, Super 8 served defendants with discovery requests for which responses were due by December 13, 2015.[5] Defendants failed to respond to these requests and failed to provide an explanation for their failure to respond.[6]

On December 21, 2015, the attorney for Defendants, Lawrence Lavigne, Esq., advised the Court that his client, Mr. Faiz, was terminating Mr. Lavigne's representation of him and F&R Investments.[7] On January 7, 2016, Mr. Faiz proceeded *pro se*.[8]  F&R Investments was without counsel.  On February 23, 2016, the Court

---

[2] (D.E. 1).

[3] (D.E. 22).

[4] (D.E. 27).

[5] (D.E. 38-2, at ¶7).

[6] *Id.* at ¶8.

[7] (D.E. 28).

[8] (D.E. 28-2, at ¶9).

held a telephone conference, during which Mr. Faiz advised that F&R Investments did not have the means to retain counsel.[9]  On February 29, 2016, the Clerk of the Court entered default against F&R Investments for failure to defend the case.  By correspondence dated March 31, 2016, Super 8 re-served Mr. Faiz with written discovery demands.  Mr. Faiz never provided responses to the discovery demands.[10]

On April 21, 2016, Super 8's counsel called Mr. Faiz to initiate a scheduled telephone status conference with the Court.[11] Both the Court and plaintiff's counsel were unable to reach Mr. Faiz.[12] On April 22, 2016, Mr. Faiz was ordered to serve responses to Super 8's discovery requests within ten days.[13]  Mr. Faiz failed to respond or to provide an explanation for his failure to respond.[14]  To date, Mr. Faiz has not retained counsel, participated in any other conferences, or provided discovery for the litigation

---

[9] (D.E. 33, at ¶8).

[10] *Id.* at ¶15.

[11] *Id.* at ¶17.

[12] *Id.*

[13] *Id.*

[14] *Id.* at ¶20.

of this matter. On June 16, 2016, Super 8 filed the instant motion to Strike Mr. Faiz's Answer and enter default.[15]

## II.  DISCUSSION AND ANALYSIS

In deciding whether sanctions that deprive a party of the right to proceed with or defend against a claim are appropriate, the Court considers six factors set forth in the Third Circuit case of *Poulis v. State Farm Fire & Cas. Co.* ("*Poulis* factors").[16] The *Poulis* factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[17]  The Court is required to balance each factor in its analysis and no single factor is determinative. The Court will address each factor in turn.

---

[15] (D.E. 38).

[16] *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984).

[17] *Id*.

*1. Extent of Party's Personal Responsibility*

With respect to the first *Poulis* factor, the Court finds that Mr. Faiz is personally responsible for his failure to comply with the April 22, 2016 Order requiring him to respond to Super 8's discovery requests within ten days. All litigants must comply with court orders. "When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."[18]   Mr. Faiz has flouted his obligations. He has failed to comply with court orders, respond to discovery demands and appear for court conferences.   Mr. Faiz failed to participate in defending the claims against him and has not provided the Court or opposing counsel with an explanation for his failure to participate.   Thus, the first *Poulis* factor weighs in favor of Super 8's request.

*2. Prejudice to Plaintiff*

The second *Poulis* factor requires examination of the prejudice to other parties caused by the delay. This factor weighs in favor of dismissal. "While prejudice for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."[19] Prejudice

---

[18] *Burns v. Glick,* 158 F.R.D. 354, 356 (E.D. Pa. 1994)(internal citations omitted).

[19] *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d. Cir. 2003).

includes "deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery."[20]   Super 8 cannot properly prosecute this claim due to Mr. Faiz's failure to comply with his discovery obligations.   Mr. Faiz has continuously ignored Court ordered discovery deadlines and Court ordered conferences.   Super 8 has not been able to obtain any discovery and has been impeded from preparing for trial, thereby suffering prejudice.   Thus, the second *Poulis* factor weighs in favor of Super 8's request.

### 3. History of Dilatoriness

With respect to the third *Poulis* factor, "extensive or repeated delay or delinquency constitutes a history of dilatoriness."[21]   This includes consistent non-response to interrogatories, or consistent tardiness in complying with court orders.[22]   Under *Poulis*, "time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation."[23]   If unable to comply with the time limits, counsel may request an extension to the court.   "A history by counsel of

---

[20] *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 874 (3d. Cir. 1994).

[21] *Id.*

[22] *Id.*

[23] *Poulis,* 747 F.2d at 868.

ignoring these time limits is intolerable."[24]  This Court entered an Order scheduling a telephone status conference for April 21, 2016, which Mr. Faiz failed to attend.  The Court also ordered Mr. Faiz to serve responses to Super 8's discovery requests within ten days of April 22, 2016.[25]  Again, Mr. Faiz failed to respond.  Mr. Faiz has not requested for an extension from the Court nor has he explained his failure to respond.  He has continued to delay discovery by failing to provide discovery responses.  The delay in the case caused by Mr. Faiz weighs in favor of Super 8's request.

### 4. *Willfulness or Bad Faith*

The fourth *Poulis* factor looks to whether the actions of a party suggest willfulness or bad faith. The Court finds willfulness or bad faith where no reasonable excuse for the conduct exists.[26] As set forth above, Mr. Faiz has failed to provide Super 8 with any responses to its discovery requests, has failed to obtain counsel, and has not provided any explanations for his lack of participation.  The Court construes this as willful.  Thus, the fourth *Poulis* factor weighs in favor of Super 8's request.

---

[24] *Id.*

[25] (D.E. 37).

[26] *Ware,* 322 F.3d at 224.

*5. Alternative Sanctions*

With respect to the fifth *Poulis* factor, the Court considers whether alternative sanctions would be effective. "The defendant's nonresponsiveness despite notice of these proceedings and the consequences . . . demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default… will cure the prejudice."[27] Mr. Faiz has had multiple opportunities to appear and defend himself; however, he has not chosen to do so. Mr. Faiz has not shown any desire to defend this matter.   An alternative sanction would likely do little to prompt Mr. Faiz's compliance with the Court and it would be futile to allow him additional opportunities in this matter.  "Any other sanction would not address the plaintiff's present inability to proceed to a resolution."[28]  Thus, the Court finds that the appropriate sanction for Defendant's failure to comply with a court order and failure to defend against Plaintiff's claims is striking Mr. Faiz's Answer and entering default against him.

---

[27] *Temptime Corp. v. Timestrip PLC,* No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009).

[28] *Id.*

6. *Meritoriousness of Defenses*

The Court declines to address the sixth and final *Poulis* factor. Due to Mr. Faiz's lack of participation in this matter, it is impossible to properly make an evaluation of the merits. However, "each factor need not be satisfied for the trial court to dismiss a claim," as *Poulis* is a balancing test.[29]  Thus, the Court does not need to address the sixth factor to find in favor of Super 8's request.

The balance of the *Poulis* Factors favor granting Super 8's motion to strike the answer of Mr. Faiz and enter default. As five out of the six factors support plaintiff's request, the sanction of striking the Answer and entering default is appropriate.

**III. RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion to strike Defendant Mr. Faiz's Answer and for entry of default be **GRANTED**.

The parties have fourteen days to file and serve any

---

[29] *Ware*, 322 F.3d at 221.

objections to this Report and Recommendation.[30]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/22/2016 8:57:14 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc:  All parties
     File

---

[30] 28 U.S.C. 636 and Local Civil Rule 72.1(c)(2).